**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

RICHARD W. DEOTTE *et al.*,

Plaintiffs,

v.

ROBERT F. KENNEDY JR., in his official capacity as Secretary of Health and Human Services *et al.*,

Defendants.

Case No. 4:26-cv-00712-O

**DEFENDANTS' UNOPPOSED MOTION TO STAY PROCEEDINGS**

## INTRODUCTION

Defendants respectfully move to stay proceedings in this case until final resolution of the appeals process in *Pennsylvania v. President United States of America*, No. 25-2575 (3d Cir.) ("*Pennsylvania*"). *Pennsylvania* challenges the agency action at issue in this case: the ability of federal agencies to exempt on a class-wide basis individuals and entities with sincerely-held religious and moral objections from providing health care coverage that includes coverage of contraceptive methods. Oral argument was recently held in *Pennsylvania* before the Third Circuit. The outcome of the appeal in *Pennsylvania* will decide questions of law that may simplify the issues in this case. Accordingly, Defendants respectfully request that proceedings in this case be stayed pending final resolution of the appeals process in *Pennsylvania*.[1]

## BACKGROUND

### I. The ACA's Contraceptive Coverage Mandate

In 2010, as part of the Affordable Care Act ("ACA"), Congress required most group health plans and health-insurance issuers that offer group or individual health coverage to provide coverage for certain preventive services without "any cost sharing requirements." 42 U.S.C. § 300gg-13(a). The Act does not specify the types of women's preventive care that must be covered. Instead, as relevant here, the Act requires coverage, "with respect to women," of such "additional preventive care and screenings . . . as provided for in comprehensive guidelines supported by the Health Resources and Services Administration [HRSA]," a component of the Department of Health and Human Services (HHS). *Id.* § 300gg-13(a)(4).

[1] A joint Rule 16/26 report is presently due September 30. *See* Order Requiring Scheduling Conference and Report for Contents of Scheduling Order, ECF No. 8. In the event that the Court were to deny this stay motion, Defendants respectfully request that the Court allow the parties an additional fourteen (14) days to file the requested report.

In August 2011, HRSA issued guidelines to require coverage of, among other things, all FDA-approved contraceptive methods. *See* 77 Fed. Reg. 8,725, 8,725 (Feb. 15, 2012). At the same time, invoking their authority under 42 U.S.C. § 300gg-13(a)(4), the government recognized that some employers hold sincere religious objections to providing insurance coverage for contraception, and thus decided to exempt some of those employers – churches and their integrated auxiliaries – from the requirement. *See* 76 Fed. Reg. 46,621, 46,623 (Aug. 3, 2011). Other religious employers, as well as employers with nonreligious moral objections, remained subject to the contraceptive mandate ("the mandate"). Years of litigation in dozens of cases followed.

## II. The Religious and Moral Exemption Rules

In 2018, to address serious religious and moral objections and to attempt to bring the ongoing litigation to a close, HHS, the Department of Labor, and the Department of the Treasury ("the Agencies") issued rules that preserve the mandate, but exempt employers and individuals with religious or moral objections. Religious Exemptions and Accommodations for Coverage of Certain Preventive Services Under the Affordable Care Act, 83 Fed. Reg. 57,536 (Nov. 15, 2018) ("Religious Exemption Rule"); Moral Exemptions and Accommodations for Coverage of Certain Preventive Services Under the Affordable Care Act, 83 Fed. Reg. 57,592 (Nov. 15, 2018) ("Moral Exemption Rule") (collectively, "the Rules"). The Rules exempt from the mandate group health plans and health insurance coverage of various entities and individuals with sincerely-held religious beliefs or moral objections who are opposed to coverage of some or all contraceptive or sterilization methods encompassed by HRSA's Guidelines. 83 Fed. Reg. at 57,537, 57,593.

## III. The *Pennsylvania* Litigation

Two States challenged the Rules in the Eastern District of Pennsylvania under the Administrative Procedure Act ("APA"), and sought preliminary injunctive relief. That court found that the Agencies had exceeded their regulatory authority and that the Rules were procedurally invalid,

and entered a preliminary injunction preventing the Rules from taking effect. *Pennsylvania v. Trump*, 281 F. Supp. 3d 553 (E.D. Pa. 2017). The Third Circuit affirmed. *Pennsylvania v. President United States*, 930 F.3d 543 (3d Cir. 2019). The Supreme Court reversed, concluding that the district court should not have entered preliminary injunctive relief because the Agencies had statutory authority to issue the Rules and the Rules were procedurally valid. *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. 657, 674-86 (2020). It remanded for proceedings consistent with its decision. *Id.* at 687.

The parties filed summary judgment briefs in the district court. The Eastern District of Pennsylvania entered summary judgment for the two States and vacated the Rules on the grounds that they were arbitrary and capricious. *Pennsylvania v. Trump*, 795 F. Supp. 3d 607 (E.D. Pa. 2025). The Agencies have appealed that decision to the Third Circuit, which heard oral argument in the case on July 7, 2026. *Pennsylvania v. President United States of America*, No. 25-2575 (3d Cir.).

### IV. The Present Case

Plaintiffs in this case are four individuals and a corporation. All plaintiffs allege that they have sincerely-held religious objections to the mandate. They assert a single claim under RFRA and the APA, seeking declaratory and injunctive relief preventing the application of the mandate to them. Compl. ¶ 77. Plaintiffs seek to represent two nationwide classes of objecting individuals and employers. *See id.* ¶¶ 63-76.

## ARGUMENT

### I. This Court Has Broad Discretion to Stay Proceedings.

"Federal district courts have broad discretion to stay an action against a party to promote judicial economy." *Slick Slide LLC v. NKDZ DFW, LLC*, No. 4:23-CV-00643-O, 2024 WL 733641, at *1 (N.D. Tex. Feb. 19, 2024) (citing *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000)); *see also Langiano v. City of Fort Worth*, 131 F.4th 285, 290 (5th Cir. 2025) ("The power to stay

proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

"When considering a motion to stay, courts traditionally evaluate: '(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.'" *Slick Slide LLC*, 2024 WL 733641, at *1 (quoting *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006)).

## II. A Stay Will Significantly Enhance the Efficient Adjudication of This Matter.

Applying the relevant standard above, the Court should stay proceedings in this case pending the resolution of the appeals process in *Pennsylvania*. First, regardless of the outcome of the appeals process in *Pennsylvania*, a stay would not unduly prejudice either party. Neither party would obtain a tactical advantage because the Court could continue to resolve any remaining claims following the stay's expiration. And in the event that the appeals process were to uphold the *Pennsylvania* vacatur order, awaiting final resolution of *Pennsylvania* will not prejudice Plaintiffs because the Agencies have agreed not to enforce the ACA's contraceptive coverage mandate against Plaintiffs during the pendency of this litigation. This lack of prejudice is clearly demonstrated by the fact that this motion is unopposed by Plaintiffs.

Second, a stay will simplify the issues in question. The Third Circuit's decision regarding the *Pennsylvania* vacatur order may provide significant guidance to the parties and the Court, thus simplifying the issues in question" in this case. *Id.*

Finally, discovery has not been completed in this case and a trial date has not been set. If this case had "progressed beyond the early stages of litigation," this factor would "weigh slightly against a stay." *Summit 6 LLC v. HTC Corp.*, No. 7:14-CV-00014-O, 2015 WL 12763627, at *2 (N.D. Tex. May

8, 2015). Here, however, the only case filings by the parties are a complaint and answer. A stay thus would not affect any significant upcoming deadlines and would simply postpone additional steps in this case, hopefully for a brief period of time.

The relevant standard being satisfied, entry of a stay would be appropriate in this case.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay proceedings pending final resolution of the appeals process in *Pennsylvania*. A proposed order is attached hereto.

Dated: September 29, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

MICHELLE BENNETT
Assistant Branch Director

*/s/ Daniel Riess*
DANIEL RIESS
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 353-3098
Email: daniel.riess@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF CONFERENCE

I hereby certify that Defendants have conferred with counsel for Plaintiffs, who has informed Defendants that Plaintiffs consent to the relief requested in this motion.

*/s/ Daniel Riess*

**CERTIFICATE OF SERVICE**

On September 29, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Daniel Riess*